Desmond, J.
We see in this Grand Jury questionnaire procedure no violation of section 248 or section 249 of the Code of Criminal Procedure or of any other law. Eelator, an inspector *489 employed by the New York City Department of Buildings, was subpoenaed before the Grand Jury, appeared there and executed a waiver of immunity. After being sworn, he was handed a questionnaire consisting of four pages and was directed by the Grand Jury to take it away with him, fill out the answers in writing and later to return to the Grand Jury to swear that the answers were true and to be questioned further as to those answers if the Grand Jury should so desire. Relator, on advice of his counsel and on the ground that the Grand Jury had no such power, refused to do any of this. Later, he refused to comply with a County Court order of compulsion and was found guilty of criminal contempt (Judiciary Law, § 750, subd. 3).
No one doubts that this Grand Jury, investigating alleged bribery and extortion involving public employees, could compel this relator to answer orally the same questions which are printed in the questionnaire (Code Crim. Pro., §§ 245, 253; see People v. Connolly, 253 N. Y. 330). The questions are simple ones asking for details of the income of relator and members of his household, the names of banks in which he and his family have accounts, the existence of safe-deposit boxes, life insurance and other policies, stock brokerage accounts and of his charge accounts, if any. The questionnaire calls also for approximate figures of living and personal expenses and for relator’s financial balance sheet. No special skill or assistance is necessary for the answering of such questions but they are the sort that a person would not ordinarily be able to answer from unaided memory. Thus it was reasonable and sensible to give relator an opportunity to fill out the answers at a time and place convenient to him after checking his records, etc.
If relator had been called before the Grand Jury and had been questioned orally on these same matters, he undoubtedly would have said that he could not answer from memory. It would then have been appropriate for the Grand Jury to direct him to go to his home or office, assemble the information and come back and testify to it:' The same thing is being done here except that he is directed to write out the information on a prescribed form.
Of course, in some other instances oppressive use of the questionnaire method may be attempted but the courts can deal with that situation when it comes (see Matter of Cole [Reiss], 208 Misc. 697).